**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER LABOMBARD,**

                              **Plaintiff,**

    vs.                                                          8:14-cv-00071
                                                               (MAD/CFH)

**BELINDA A. WINTERBOTTOM, Plan**
**Administrator of the Laborers' Pension Fund**
**of Local Union No. 186; LABORERS' PENSION**
**FUND OF LOCAL UNION NO. 186; LOCAL**
**UNION 186,**

                              **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**ROEMER WALLENS**                **MATTHEW J. KELLY, ESQ.**
**GOLD & MINEAUX**
13 Columbia Circle
Albany, New York 12203
Attorneys for Plaintiff

**SLEVIN & HART, P.C.**              **PAUL E. KNUPP, III, ESQ.**
1625 Massachusetts Avenue, N.W.
Suite 450
Washington, D.C. 20036
Attorneys for Defendants -
Laborers' Pension Fund of Local
Union No. 186 and Belinda A. Winterbottom

**BLITMAN & KING**                     **BRIAN J. LACLAIR, ESQ.**
Franklin Center                                   **MICHAEL DAUM, ESQ.**
443 North Franklin Street
Suite 300
Syracuse, New York 13204
Attorneys for Defendants -
Local Union No. 186

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Christopher G. LaBombard ("Plaintiff") brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., to recover pension benefits allegedly due to him. Plaintiff's complaint alleges that Defendants Belinda A. Winterbottom, plan administrator of the Laborers' Pension Fund of Local Union No. 186 ("Pension Fund"), the Pension Fund, and the Local Union No. 186 ("Local 186") improperly denied his application for disability pension benefits from the Pension Fund following an automobile accident. *See* Dkt. No. 1 at 1-3. Plaintiff seeks an order confirming his entitlement to disability pension benefits starting from the date of his disability, $1,000,000 in pension benefits, costs, and attorney's fees. *Id.* at 2-3. Presently before the Court are Local 186's motion to dismiss Plaintiff's complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure and motion for attorney's fees. Dkt. No. 18. Plaintiff opposes Local 186's motions and cross moves to amend his complaint. *See* Dkt. No. 25; Dkt. No. 26 at 6.

## II. BACKGROUND[1]

In November 2012, Plaintiff suffered injuries as a result of an automobile accident. Dkt. No. 1 at 1. On or about February 18, 2013, Plaintiff filed an application with the Pension Fund for disability pension benefits based on said injuries. *Id.* At the time, Plaintiff was a duly-enrolled, dues-paying member of Local 186. *Id.* On or about April 17, 2013, the Pension Fund denied Plaintiff's application for disability pension benefits. *Id.* The basis for the denial was that "[a] participant must be employed or actively seeking employment that would earn Pension or Vesting Service when the incident or illness that causes the disability occurs." *Id.* at 1-2. The

---

[1] The background information is taken from Plaintiff's complaint and is presumed true solely for the purposes of this motion.

denial also indicated that according to the Pension Fund's records, Plaintiff "last worked in covered employment in 2008 and [his] Social Security Award does not start until May 2013." Dkt. No. 1-2 at 2.

Plaintiff filed an appeal of the denial with the Pension Fund Board of Trustees on May 9, 2013. Dkt. No. 1 at 2. The Board of Trustees denied his appeal on or about August 6, 2013, "based on the absence of any evidence that [Plaintiff] was actively seeking work during the period between his last date of covered employment in 2008 and the date he became disabled." Dkt. No. 1-4 at 2. The denial of Plaintiff's appeal further provided that "[i]t [was] the Trustees' understanding that [Plaintiff] was working as an operating engineer during this time and that [Plaintiff] was not on [Local 186]'s out of work list when his disability began." *Id.*

On August 29, 2013, Plaintiff demanded via letter that the Pension Fund provide him with the specific records underlying its determination that he was not actively seeking employment during the relevant time period. Dkt. No. 1 at 2. The Pension Fund did not respond to this letter. *Id.* On September 9, 2013, Local 186 sent Plaintiff a pin commemorating his twenty-five years of membership in the union. Dkt. No. 1-7. Later that month, Local 186 mailed Plaintiff a schedule of training courses offered for its members from September 1, 2013 through December 31, 2013. Dkt. No. 1-8. In a second letter to the Pension Fund dated October 29, 2013, Plaintiff again requested the records underlying the Pension Fund's benefits determination. Dkt. No. 1-6. The Pension Fund did not provide Plaintiff with the requested records. *See* Dkt. No. 25 at 2.

Plaintiff commenced this action against Defendants on January 22, 2014. *See* Dkt. No. 1. Confirmation of service for all Defendants was submitted to the Court on February 10, 2014. *See* Dkt. No. 4; Dkt. No. 5; Dkt. No. 6. The affidavit for service of summons for Local 186 read, in relevant part, "I served the summons on Belinda Winterbottom, Pension Fund Administrator, who

3

is designated by law to accept service of process on behalf of . . . Local Union No. 186 on Feb. 4, 2014; 11:50 am." Dkt. No. 4 at 2.

Currently pending before the Court is Local 186's motion to dismiss Plaintiff's complaint in its entirety as against Local 186. Local 186 argues that the complaint must be dismissed against it pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure because it was not properly served and because the complaint fails to state a claim upon which relief can be granted. Plaintiff opposes Local 186's motion and cross moves to amend his complaint.

### III. DISCUSSION

**A.     Insufficient Service of Process**

*1. Legal Standards*

When a defendant moves to dismiss a complaint under Rules 12(b)(5) and 12(b)(6), the court must address the arguments concerning proper service of process before the arguments as to the alleged failure to state a claim. *Norwood v. Salvatore*, No. 3:12-CV-1025, 2013 WL 1499599, *2 (N.D.N.Y. Apr. 10, 2013). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). The purpose of the service requirements is "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Durant v. Traditional Invs., Ltd.*, No. 88 CIV. 9048, 1990 WL 33611, *3 (S.D.N.Y. Mar. 22, 1990) ("[W]hen a defendant receives actual notice of a lawsuit brought against him, technical imperfections with service will rarely invalidate the service").

"On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 Fed. Appx. 202, 203 (2d Cir. 2010) (citing *Burda*

4

*Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). If the court determines that service was insufficient, "the court may, but is not required to, dismiss the action. Alternatively, the court may grant leave to allow the plaintiff to cure the insufficiency." *Sajimi v. City of New York*, No. 07–CV–3252, 2011 WL 135004, *3 (E.D.N.Y. Jan. 13, 2011) (internal citations omitted).

Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, an unincorporated association must be served by following state law for serving a summons in the state where the district court is located or where service is made, or by

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h). Section 13 of the New York General Associations Law states that service upon "the president, vice president, treasurer, assistant treasurer, secretary, assistant secretary, or business agent, in his capacity as such, shall constitute service upon a labor organization." N.Y. Gen. Ass'ns Law § 13. Section 13 "is to be construed strictly, and a plaintiff's decision to attempt service on a person not listed in that section is inadequate." *Heavy Constr. Lumber, Inc. v. Local 1205, Int'l Bhd. of Teamsters*, No. 00 CV 6659, 2001 WL 477229, *3 (E.D.N.Y. Feb. 12, 2001) (citations omitted).

### 2. Analysis

In the present matter, Plaintiff contends that he properly served Local 186 by personally serving Defendant Winterbottom, the Pension Fund plan administrator, with the summons and complaint. *See* Dkt. No. 26 at 7. Plaintiff argues that his filing of a sworn affidavit by a process server indicating that she personally served Defendant Winterbottom creates a presumption that Plaintiff effectuated proper service. *See id.* Under New York law, "a process server's affidavit of

5

service establishes a prime facie case of the account of the *method of service*." *Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (emphasis added). Local 186 does not dispute that the process server personally served Defendant Winterbottom. Thus, the presumption Plaintiff seeks is inapposite to the issue of whether serving Defendant Winterbottom properly effectuated service upon Local 186.

As plan administration of the Pension Fund – a distinct legal entity from Local 186 – Defendant Winterbottom is plainly not one of the officers listed in Section 13 of the New York General Associations Law. Thus, service here clearly did not follow New York law for serving a summons on a labor union. Plaintiff claims that service was nonetheless proper because Defendant Winterbottom was "authorized by law" to accept service on behalf of Local 186. Dkt. No. 26 at 7. Plaintiff cites no evidence or statutory authority in support of this claim.[2] Further, John R. Donoghue, Jr., the former business manager of Local 186, attested that Defendant Winterbottom was not an employee, officer, or agent of Local 186 or otherwise authorized to accept service of process on behalf of the union. Dkt. No. 27-1 at 2. In the absence of any contrary evidence, Plaintiff has failed to establish that Local 186 was properly served.[3]

### *3. Extension of Time for Service*

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

---

[2] The Court notes that under Section 301(d) of the Labor Management Relations Act, "[t]he service of summons . . . upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization." 29 U.S.C. § 185(d). Plaintiff has presented no evidence that Defendant Winterbottom was an officer or agent of Local 186. Therefore, this statute does not provide legal authority for Defendant Winterbottom to accept service on Local 186's behalf.

[3] Since the Court has found that service was insufficient as to Local 186, it will not address the union's argument that service was insufficient as to Laborers' Local Union 1822 (Local 1822), which is not a party to this action.

> If a defendant is not served within 120 days after the complaint is
> filed, the court . . . must dismiss the action without prejudice against
> the defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause to excuse deficient service generally requires proof of exceptional circumstances that were beyond [the plaintiff's] control." *Norwood*, 2013 WL 1499599 at *5 (internal quotations and citation omitted).

"While an extension must be granted if the plaintiff meets the standard for a good cause extension, it may be granted if the court exercises its discretionary authority to extend the deadline." *Stuart v. Paulding*, No. 1:12-cv-25, 2013 WL 1336602, *4 (N.D.N.Y. Mar. 28, 2013) (citing *Carroll v. Certified Moving & Storage, Co., L.L.C.*, No. 04–CV–4446ARR, 2005 WL 1711184, *2 (E.D.N.Y. July 19, 2005)). "The Advisory Committee Notes to Rule 4(m) state that courts may 'relieve a plaintiff of the consequences of an application of [the rule] even if there is no good cause shown.'" *Id.* (quoting Fed. R. Crim. P. 4(m) advisory committee's note (1993 amendments)) (other citation omitted). "In deciding whether to grant such an extension, courts balance justifiable excuses offered by the plaintiff, the length of the delay, and any prejudice to either party." *Id.*; *see also Eastern Refractories, Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999) ("Factors to be considered in [regards to a discretionary extension] are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision" (citations omitted)).

Here, Plaintiff failed to serve Local 186 within 120 days of filing his complaint. *See* Dkt. No. 1 (indicating that Plaintiff filed his complaint on January 22, 2014). Plaintiff has not set forth

7

any argument or exceptional circumstances that would establish good cause for this failure. In fact, Plaintiff offers no explanation whatsoever as to why he has not properly served Local 186. His sole argument regarding service of process is that service was in fact proper. *See* Dkt. No. 26 at 4-5. Therefore, the Court finds that Plaintiff has failed to show good cause that would require the Court to extend the time for service.

The fact that Plaintiff has offered no justifiable excuse for failing to serve Local 186 weighs against the Court granting a discretionary extension. Additionally, Local 186 did not attempt to conceal the defect in service. It filed its motion to dismiss for insufficient service well in advance of the expiration of the 120-day period. *See* Dkt. No. 18.[4] On the other hand, Local 186 appears to have received actual notice of the action on February 24, 2014, well within the statutory period for service. *See* Dkt. No. 18-5 at 2. Thus, Local 186 will suffer slight, if any, prejudice should the case go forward as against it. Moreover, the practical effect of a dismissal on Plaintiff's claim against Local 186 would be to preclude him from asserting the claim, as the six-month statute of limitations will bar Plaintiff from recommencing the action. Ordinarily, such a result should be avoided in light of the "general preference for deciding cases on the merits." *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54, 67 (S.D.N.Y. 2010) (citing *Cody v. Mello*, 59 F.2d 13, 15 (2d Cir. 1995)) (other citation omitted). However, the Court finds that a discretionary extension of time for service is not warranted here based on its finding, discussed below, that Plaintiff's complaint fails to state a claim against Local 186.

---

[4] Local 186's motion to dismiss for insufficient service of process focused on Plaintiff's failure to properly serve Local 1822, which replaced Local 186 by merger of Local 186 with another local labor union. *See* Dkt. No. 18-1 at 9-10. This argument can be viewed as evasive, as Local 1822 is not a party to this action. However, Local 186's reply to Plaintiff's opposition papers notified Plaintiff of the defect in service as to Local 186 on May 9, 2014, within the 120 days proscribed for service. Accordingly, Plaintiff was not prejudiced by Defendant's initial focus on service as to Local 1822.

8

**B.     Failure to State a Claim**

*1. Standard of Review*

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

9

A court's review on a motion to dismiss is generally limited to the facts presented in the pleading, but the court may also consider documents that are attached to the pleading as an exhibit, incorporated into the pleading by reference, or so heavily relied upon by the pleading that the document is rendered "integral" to it. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

### *2. Analysis*

Local 186 contends that Plaintiff fails to state a claim against it under ERISA because ERISA does not authorize plan participants to bring civil actions to recover benefits against labor organizations such as Local 186. "In a recovery of benefits claim [under ERISA], only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195, 1199 (2d Cir. 1989); *see also Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 108 n.2 (2d Cir. 2008) ("A claim for recovery of benefits under ERISA § 501(a)(1)(B) can be brought only against a covered plan, its administrators or its trustees"). Plaintiff does not dispute that a union is not a proper defendant in an action under ERISA's civil enforcement provision. *See* Dkt. No. 26 at 5. Therefore, even taking Plaintiff's allegations as true, Plaintiff has not stated a valid claim to relief against Local 186 under ERISA.

However, Plaintiff argues that his claim against Local 186 "is not one for the payment of pension benefits." Dkt. No. 25 at 1. Rather, Plaintiff contends that his complaint "claims that Local 186 breached its duty of fair representation by providing false information to the fund administration concerning whether or not he was actively seeking qualifying employment." Dkt. No. 26 at 5. Plaintiff further alleges that "[t]he crux of Plaintiff's argument against Local 186 is that it acted in bad faith when it provided false or misleading information to the Pension Fund and

10

its Administrator, so that it could avoid paying pension benefits to a 25-year, dues-paying member." *Id.* at 6.

Plaintiff's complaint cannot plausibly be read as asserting such a claim against Local 186. Local 186 correctly contended that

> there is not a single mention in the Complaint of the duty of fair representation, let alone allegations that the Union owed or breached such a duty. Nor does the Complaint mention the National Labor Relations Act, 29 U.S.C. §§ 141 *et seq.*, the federal statute which gives rise to the duty and provides the basis for federal court jurisdiction over claims for breach of the duty.

Dkt. No. 27 at 6. Plaintiff's complaint does not allege that Local 186 owed him a duty or acted in bad faith. *See* Dkt. No. 1. The complaint describes Plaintiff's action as an appeal of the Pension Fund's determination that he did not qualify for pension benefits. *Id.* at 2. Moreover, the only statutory authority or grounds for the Court's jurisdiction that Plaintiff references in his pleading is ERISA. *Id.*; *see also* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . ."). Further, Plaintiff's demand for relief requests only disability and pension benefits, costs, fees, and an order confirming his eligibility for benefits. His complaint plainly does not allege that Local 186 breached its duty of fair representation to Plaintiff and does not seek any related damages. Accordingly, the Court concludes that Plaintiff's complaint does not state a claim against Local 186 that would entitle Plaintiff to relief.

**C.     Leave to Amend**

*1. Standards*

Rule 15(1) of the Federal Rules of Civil Procedure provides that

> [a] party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or

11

> (B) if the pleading is one to which a responsive pleading is
> required, 21 days after service of a responsive pleading or 21 days
> after service of a motion under Rule 12(b), (e), or (f), whichever is
> earlier.

Fed. R. Civ. P. 15(a)(1). In all other cases, Rule 15(a)(2) provide for liberal leave to amend one's complaint, and states that a court should freely grant leave to re-plead "when justice so requires." Fed. R. Civ. P. 15(a)(2). It is "well-established that 'outright dismissal for reasons not going to the merits is viewed with disfavor in the federal courts.'" *Harrison v. Enventure Capital Group, Inc.*, 666 F. Supp. 473, 479 (W.D.N.Y. 1987) (quoting *Nagler v. Admiral Corp.*, 248 F.2d 319, 322 (2d Cir. 1957)). For this reason, "dismissals for insufficient pleadings are ordinarily with leave to replead." *Stern v. Gen. Elec. Co.*, 924 F.2d 472, 477 (2d Cir. 1991). Leave to amend a pleading need not be granted, however, if it would be futile to do so. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) (citing *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995)).

### *2. Analysis*

In the present case, Plaintiff indicated that, if necessary, he would "serve an amended complaint clarifying [his] claims against the union" because "[n]either Local 186 nor Local 1822 has answered in this action." Dkt. No. 26 at 6. The Court first notes that Plaintiff is not entitled to an amendment as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure. Local 186 served its motion to dismiss under Rule 12(b) on April 7, 2014. *See* Dkt. No. 19. Plaintiff filed his response to the motion, which included his request for leave to amend his complaint, on May 5, 2014. *See* Dkt. No. 25. Therefore, his filing was not within the 21-day period set forth by Rule 15(a)(1) for amendment as a matter of course.

Local 186 argues that Plaintiff should not be permitted to amend his complaint to assert a claim against it for breach of the duty of fair representation because the claim would be subject to

a statute of limitations defense. Dkt. No. 27 at 6. Local 186 further argues that even if Plaintiff's amended complaint were to relate back to the original complaint, Plaintiff's claim would fail because Local 186 owed no duty of fair representation to Plaintiff. *Id.* at 7-8.

A union's duty of fair representation arises from Section 9(a) of the National Labor Relations Act, which grants unions the "exclusive power to represent all employees in a particular bargaining unit." *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6.*, 493 U.S. 67, 86 (1989) (citing 29 U.S.C. § 159(a)). "Since the scope of the duty is derived from the union's status as exclusive representative of the employees to the employer, the duty of fair representation can arise only when all three parties are involved." *Price v. Int'l Union, United Auto. Aerospace & Agric. Implement Workers of Am.*, 795 F.2d 1128, 1134 (2d Cir. 1986), *vacated on other grounds*, 487 U.S. 1229 (1988); *see also Kolinske v. Lubbers*, 712 F.2d 471, 481 (D.C. Cir. 1983) ("[T]he duty of fair representative is co-extensive only with the power of exclusive representation. . . . [A] union . . . can be held to represent employees unfairly only in regard to those matters as to which it represents them at all – namely, rates of pay, wages, hours . . ., or other conditions of employment" (internal quotations and emphasis omitted)); *Vario v. Local 14-14b of the Int'l Union of Operating Eng'rs*, No. 11 CV 5648, 2013 WL 654415, *4 (E.D.N.Y. Feb. 21, 2013) ("'[A] matter that involves only the relationship between the union and its members and does not involve the employer is viewed as an internal union matter that does not give rise to a duty of fair representation'" (quoting *Price*, 795 F.2d at 1134)); *Miller v. Hotel, Motel & Rest. Employees & Bartenders Union, Local 471*, No. 85-CV-1524, 1990 WL 134847, *11 (N.D.N.Y. 1990) (quoting the same).

Here, Plaintiff's proposed claim against Local 186 arises out of Local 186's "representation" of Plaintiff to the Pension Fund in Plaintiff's request for pension fund benefits

13

and subsequent appeal. Plaintiff seeks to allege that Local 186 "provided false or misleading information to the Pension Fund and its Administrator" with respect to the fact that Plaintiff was not on its out of work list. *See* Dkt. No. 26 at 6. Local 186's provision of information regarding Plaintiff's status to the Pension Fund and plan administrator does not implicate Local 186's power of exclusive representation. Any action taken by Local 186 in relation to Plaintiff's disability pension benefits application plainly does not involve conditions of employment or other employer negotiations that would give rise to a duty of fair representation. For this reason, the Court finds that permitting Plaintiff to amend his complaint to include a claim against Local 186 for a breach of the duty of fair representation would be futile. Therefore, the Court denies Plaintiff's motion to amend the complaint.[5]

**D.     Attorney's Fees**

*1. Legal Standards*

Section 502(g)(1) of ERISA provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). A court's decision to award attorney's fees in an ERISA case is based on the following five factors:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

---

[5] In light of the Court's finding that Local 186 did not owe a duty of fair representation to Plaintiff in regards to his pension benefits application and appeal, the Court need not determine whether Plaintiff's amended complaint would relate back to the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure, thereby rendering a statute of limitations defense unavailable.

*Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987). The decision as to whether to award attorney's fees under ERISA "lies within the sound discretion of the district court." *Id.* The five factors "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000) (internal quotation marks and citation omitted). This "'favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith – the purpose of ERISA being to promote the interests of plan beneficiaries and allow them to enforce their statutory rights.'" *Id.* (quoting *Jones v. O'Higgins*, 736 F. Supp. 1243, 1245 (N.D.N.Y. 1990)).

Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998).

### *2. Analysis*

In the present matter, Local 186 contends that it is entitled to attorney's fees and costs because Plaintiff's claim against it is "clearly meritless under well-established Second Circuit precedent." Dkt. No. 18-1 at 11. Local 186 further contends that Plaintiff "likely has the ability to satisfy an award of fees and costs," that the action did not confer a common benefit on a group of plan participants, and that an award of fees would "appropriately deter participants in ERISA plans from suing clearly *improper* parties, such as local unions." *Id.* Local 186 also asserts that Plaintiff acted in bad faith by refusing to voluntarily dismiss the action as against Local 186 upon the union's request that he do so because Local 186 was not a proper defendant in Plaintiff's ERISA action. *Id.*; *see also* Dkt. No. 18-5; Dkt. No. 18-6 (providing Local 186's email communications with Plaintiff's attorney regarding the relevant case law establishing that Local 186 was not a proper defendant). Plaintiff did not specifically address these allegations. His

response to Local 186's motion simply stated that the union's motion for attorney's fees should be denied. *See* Dkt. No. 26 at 7.

Local 186 did not specify the amount of attorney's fees and costs that it seeks. Rather, it posited that "given that this action is in the very early stages of litigation, the amount of attorney's fees and costs due from Plaintiff would be relatively low." Dkt. No. 18-1 at 11. Local 186 also did not provide any records in support of its request. Therefore, Local 186 plainly failed to provide the necessary documentation of counsel's time expended on the action and hourly rate, as well as information that would permit the Court to determine the reasonableness of the hourly rate. As such, the Court denies without prejudice Plaintiff's request for attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby

**ORDERS** that Defendant Local 186's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's request for an extension of time to serve Defendant Local 186 is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to amend his complaint is **DENIED**; and the Court further

**ORDERS** that Defendant Local 186's request for attorney's fees and costs is **DENIED without prejudice**; and the Court further

**ORDERS** that Defendant Local 186 must move for attorney's fees in accordance with Rule 54(d) of the Federal Rules of Civil Procedure within **FOURTEEN (14) DAYS** after the entry of judgment; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 25, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge