UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER LABOMBARD,

                              **Plaintiff,**

      vs.                                                    8:14-cv-00071
                                                             (MAD/CFH)

**BELINDA A. WINTERBOTTOM, Plan Administrator
for the Laborers' Pension Fund of Local Union No. 186;
LABORERS' PENSION FUND OF LOCAL UNION NO.
186,**

                              **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**ROEMER, WALLENS LAW FIRM**         **MATTHEW J. KELLY, ESQ.**
13 Columbia Circle
Albany, New York 12203
Attorneys for Plaintiff

**SLEVIN, HART LAW FIRM -**             **OWEN MARC RUMELT, ESQ.**
**NEW YORK OFFICE**
614 Hempstead Gardens Drive
West Hempstead, New York 11552
Attorneys for Defendants

**SLEVIN, HART LAW FIRM -**             **PAUL E. KNUPP, ESQ.**
**DISTRICT OF COLUMBIA OFFICE**
1625 Massachusetts Avenue, N.W.
Suite 450
Washington, District of Columbia 20036
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

      Plaintiff Christopher LaBombard ("Plaintiff") commenced this action against Belinda A.

Winterbottom and the Laborers' Pension Fund of Local Union No. 186 (the "Defendant Fund")

under the Employee Retirement Income Security Act of 1974 on January 22, 2014. *See* Dkt. No.

1. The Court granted Defendants' motion for summary judgment and entered judgment in their favor on November 5, 2015. *See* Dkt. No. 68. Currently pending before the Court is the Defendant Fund's motion for bill of costs, *see* Dkt. No. 70, to which Plaintiff has filed an affidavit in opposition, *see* Dkt. No. 71.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorney's fees should be allowed . . . to the prevailing party unless the court directs otherwise." *Sacco v. Diamler Chrysler Corp.*, No. 05-CV-1435, 2008 WL 2858652, *1 (N.D.N.Y. July 22, 2008) (quoting FED. R. CIV. P. 54(d)(1)). The costs that may be awarded to a prevailing party are listed in 28 U.S.C. § 1920. *See Gallagher v. IBEW Local Union No. 43*, No. 5:00 CV 1161, 2008 WL 5191691, *1 (N.D.N.Y. Dec. 10, 2008). Section 1920 provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1928 of this title.

*Document Sec. Sys., Inc. v. Coupons.com, Inc.*, No. 11-CV-6528, 2015 WL 1189551, *2 (W.D.N.Y. Mar. 16, 2015) (quoting 28 U.S.C. § 1920).

The Defendant Fund's bill of costs seeks a total of $778.06, consisting of the following itemized costs:

| Costs/Fees | Description | Amount |
| --- | --- | --- |
| Fees of the Clerk | *Pro Hac Vice* filing fees | $100.00 |
| Photocopying | Photocopying | $28.50 |
| Legal Research | Lexis-Nexis | $497.03 |
| Document Delivery | United Parcel Service | $25.35 |
| PACER | Online Access to Documents | $36.00 |
| Mailing | USPS Postage | $5.80 |
| Telephone | Telephone | $85.38 |
| **TOTAL** | | **$778.06** |

Dkt. No. 70 at 3.

Plaintiff specifically objects to the Defendant Fund's requests for (1) Lexis-Nexis online legal research fees, (2) general document delivery through the United Parcel Service, (3) telephone costs, and (4) *pro hac vice* filing fees. *See* Dkt. No. 71 at ¶ 5.

It is well settled that online legal research, general document delivery, and telephone charges are not recoverable costs under § 1920. *See DiBella v. Hopkins*, 407 F. Supp. 2d 537, 539 (S.D.N.Y. 2005) (discussing online legal research); *E.E.O.C. v. Allied Sys., Inc.*, No. 97-CV-1396, 1999 WL 395377, *2 (N.D.N.Y. June 9, 1999) (discussing document delivery); *Carbonell v. C.O. Acrish*, 154 F. Supp. 2d 552, 569-70 (S.D.N.Y. 2001) (discussing telephone costs). Therefore, the Defendant Fund is not entitled to recover these costs pursuant to a Rule 54(d)(1) motion for bill of costs.

The Second Circuit has not addressed whether *pro hac vice* filing fees are recoverable costs under § 1920. Other circuits are split on this issue, with the Seventh and Eighth Circuits awarding costs for the *pro hac vice* admission of counsel, *see Craftsman Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009); *United States ex rel. Gear v. Emergency Med. Assocos. of Ill., Inc.*, 436 F.3d 726, 730 (7th Cir. 2006), and the Ninth Circuit denying requests for such costs, *see Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957 (9th Cir.

3

2013). While not directly addressing the issue of *pro hac vice* filing fees, the Supreme Court recently stated that, "[b]ecause taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2003, 182 L. Ed. 2d 903 (2012) (discussing whether the compensable expense of an interpreter also includes the costs of translating documents).

In light of the absence of *pro hac vice* filing fees being specifically listed as a recoverable cost, coupled with the Supreme Court's recent cautioning of expanding upon the scope of enumerated items listed in § 1920, the Court declines to extend the costs recoverable pursuant to Rule 54(d)(1) to include *pro hac vice* filing fees. Accordingly, the Court agrees with Plaintiff's affidavit in opposition to the Defendant Fund's bill of costs. After deducting the non-recoverable costs, the Defendant Fund is awarded its bill of costs for a total of $70.30, itemized as follows:

| Costs/Fees | Description | Amount |
| --- | --- | --- |
| Photocopying | Photocopying | $28.50 |
| PACER | Online Access to Documents | $36.00 |
| Mailing | USPS Postage | $5.80 |
| **TOTAL** | | **$70.30** |

After carefully reviewing the entire record in this matter, the Parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Laborers' Pension Fund of Local Union No. 186's motion for bill of costs is **GRANTED in part** for a total of **$70.30**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 23, 2015
      Albany, New York

                                                 Mae A. D'Agostino
                                                 U.S. District Judge